IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-00105-RPM

DAVID M. FRANCO

     Plaintiff,

v.

LARRY NEALY,
INTREPID, LLC, a Colorado limited liability company,
JAMES M. JACOBSEN,
BEARING CONSULTING GROUP, LLC, a Texas limited liability company,

     Defendants.

## STIPULATED PROTECTIVE ORDER

Pursuant to F.R.C.P. 26(c), Plaintiff and Defendants (collectively the "Parties") agree as follows and respectfully request that the Court enter the same as a Protective Order:

WHEREAS, the Parties desire to exchange documents in the above captioned matter (the "Litigation");

WHEREAS, certain materials to be exchanged may constitute or contain confidential, proprietary, or commercial information, as more fully discussed below;

WHEREAS, the Parties are willing to enter into this Stipulated Protective Order regarding confidential information;

WHEREAS, the Parties agree that an Order containing the terms set forth herein may be entered by the Court without further notice in order to safeguard the confidentiality of certain information and documents;

1

WHEREAS, by entering this agreement, a Party has not waived the right to challenge the appropriateness of discovery in this matter; and

1. "Confidential" or "Confidential Material" shall mean and include all papers, records, data, information and other materials produced, exchanged or disclosed by the Parties and portions of such documents that contain proprietary information, trade secrets, tax or financial information, confidential research, development and commercial information, and all other proprietary information belonging to it that is not publicly available. Confidential Material must be treated as confidential by all Parties to the Litigation and used only for the settlement, prosecution and/or defense of claims in the Litigation. In designating information as Confidential Material the Party seeking to protect the confidentiality of such information (the "Designating Party") will make such designation *only* as to that information that the Designating Party in good faith believes satisfy the definition set forth above.

2. Except as otherwise ordered by the Court in the Litigation, all Confidential Material produced in the Litigation may be disclosed, transmitted, disseminated and used *only* by the following persons:

    a.    the Parties; and

    b.    attorneys of the Parties actively working on this case; and

    c.    persons regularly employed with the attorneys actively working on the case whose assistance is required by said attorneys in this action; and

    d.    the Court and its employees ("Court Personnel"); and

    e.    stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action; and

    f.    any independent outside experts or consultants retained by counsel; and

    g.    deponents and testifying witnesses; and

      h.         other persons by written agreement of the Parties.

3. Prior to disclosure of any of the Confidential Material to those identified in Paragraph 2(f) above, counsel for the Parties shall provide a copy of this Stipulated Protective Order to the person to whom the Confidential Material is to be provided and have them sign an Affidavit of Compliance in the form attached hereto as <u>Exhibit A</u>. Such affidavits shall be maintained by counsel and not subject to production except for an *in camera* review by the Court upon application by a Party.

4. Confidential Material will not be used in any document of public record, including but not limited to motions filed with the Court, unless filed under seal (or equivalent), or unless the parties have agreed otherwise in writing. Whenever a deposition involves the disclosure of confidential information, the deposition or portions thereof shall, at the election of counsel, be designated as confidential and shall be subject to the provisions of this Stipulated Protective Order. Such designation shall be made on the record during the deposition. Notwithstanding the foregoing, Confidential Material may be disclosed at any trial or evidentiary hearing in the Litigation.

5. If, after execution of this Stipulated Protective Order, a document is produced by a Party and not labeled as Confidential Material when produced the Party may not thereafter designate it as Confidential Material unless the disclosure was inadvertent and the Party so designates it as Confidential Material within twenty-eight (28) days of the date of the original production of the document.

6. If a Party inadvertently or mistakenly produces documents or materials that are subject to a claim of privilege, or protection from disclosure as "work product" ("Privileged

Materials"), the producing Party may request the return or destruction of Privileged Materials by providing written notice to opposing counsel within a reasonable time after its production has become apparent to the producing Party. Any such written notice must specifically identify the Privileged Materials and the basis for the claim of privilege or protection. To the extent such claim is made at or during a deposition, the Party making the claim must notify all parties present of the claim before testimony is taken regarding the claimed protected document or the claim is waived. After being notified, a Party: a) must promptly return or destroy the specified information and any copies it has (subject to 6(d) herein); b) must not use or disclose the information until the claim is resolved; c) must take reasonable steps to retrieve the information if the Party disclosed it before being notified; and d) may, notwithstanding 6(a), promptly present the information to the Court under seal (or equivalent) for a determination of the claim. The producing Party must preserve the information until the claim is resolved.

7. If a Party receives a document that the receiving party knows or reasonably should know was inadvertently or mistakenly produced or is subject to a claim of privilege, or protection from disclosure as "work product" ("Privileged Materials"), that Party shall immediately notify the producing Party in writing of the inadvertent production and shall within five business days either destroy the document (including all copies) or return it (including all copies) to the producing party. The privileged information contained therein shall not be used for any purpose in the Litigation. However, by entering into this Stipulated Protective Order and complying with its provisions, no Party waives the right to seek intervention of the Court to compel production of documents returned or withheld pursuant to a designation as Privileged Materials. If Privileged Materials are subject to any motion or otherwise filed of record with the

Court, the Privileged Materials shall be filed under seal (or equivalent) and/or otherwise protected from disclosure until ruled upon by the Court.

8. Notwithstanding anything to the contrary herein, any Party may freely disclose its own Confidential Material in any manner it chooses, including to third parties. Once a Party discloses its own Confidential Material without providing for the continued confidential treatment of that information, the disclosed Confidential Material shall no longer be subject to the terms of this Stipulated Protective Order. Confidential Material provided to tax or other governmental authorities, or pursuant to subpoena or court order, however, shall otherwise continue to be subject to confidential treatment under the terms of this Stipulated Protective Order.

9. No documents or other material shall become "Confidential Material" or be subject to this Stipulated Protective Order by virtue of a Party's designation if such document or other material already is publicly available or in the possession of a non-designating Party or other non-party.

10. A Party may challenge a Party's designation of information or materials as Confidential Materials by serving a written objection upon the Designating Party. The Designating Party shall notify the challenging Party in writing of the bases for the asserted designation within 7 calendar days after receiving any written objection. The Parties shall confer in good faith as to the validity of the designation within 7 calendar days after the challenging Party has received the notice of the bases for the asserted designation. If an agreement as to the designation is still not reached, the objecting Party may make an appropriate application to the Court in the Litigation requesting that specifically identified documents be excluded from the

provisions of this Stipulated Protective Order. The Designating Party shall have the burden to demonstrate that the designation of Confidential is proper. Until a dispute over the asserted designation is finally resolved by the Parties or the Court, all Parties and other persons shall treat the information or materials in question as designated as Confidential.

11.  Neither the taking of, nor the failure to take, any action to enforce the provisions of this Stipulated Protective Order, nor the failure to object or take any action, shall constitute a waiver of any right of any of the Parties to seek and obtain protection or relief of any kind.

12.  The Parties agree that any dispute, objection or matter relating in any way to or arising in connection with this Stipulated Protective Order shall be heard and decided by the Court in the Litigation pursuant to Colorado law.

13.  This Stipulated Protective Order shall continue to be binding throughout and after the conclusion of this case, including any appeal thereof, unless modified by the Court upon application of any Party. Upon final termination of this case, whether by judgment, settlement, or otherwise, all Confidential Material (and all copies thereof) shall be returned to the Designating Party or destroyed. Counsel may retain a copy of all Confidential Material and all briefs, pleadings, or other filings with the Court, or attorney work-product which incorporates or discloses Confidential Material, which need not be destroyed, but shall remain subject to this Stipulated Protective Order, unless otherwise agreed to in writing by the Parties hereto.

14.  If a Party or any other person or entity subject to this Stipulated Protective Order violates same, then the Designating Party shall be entitled to seek legal or equitable remedies to obtain relief or enforce its rights. The Parties agree that monetary damages would not be a sufficient remedy for such breach. Accordingly, the Parties agree that in any proceedings for

equitable relief, the Designating Party shall not be required to prove the inadequacy or insufficiency of monetary damages as a remedy. The Parties further agree to waive any requirement for a bond in connection with any injunctive or other equitable relief sought.

Respectfully submitted this 30th day of September 2014.

GALLET DREYER & BERKEY, LLP

By: /s/ *David S. Douglas*
David S. Douglas
845 Third Avenue, 8th Floor
New York, NY 10022
Phone No.: (212) 935-313
Fax No.: (212) 935-4514
*Attorneys for David M. Franco*

POLSINELLI PC

By: /s/ *William R. Meyer*
William R. Meyer
1515 Wynkoop St., Suite 600
Denver, CO 80202
Phone Number: (303) 572-9300
Fax Number: (303) 572-7883
*Attorneys for Larry Nealy*

Rothfelder & Falick

By: /s/ *Michael C. Falick*
Michael C. Falick
1201 Louisiana, Suite 550
Houston, TX 77022
Phone No.: (713) 220-2288
Fax No.: (713) 658-8211
*Attorneys for James Jacobsen & Bearing Consulting Group, LLC*

VANGHAGEN LAW, PC

By:/s/ *Annika Vanghagen*
Annika Vanghagen
44 Cook Street, Suite 100
Denver, CO 80206
Phone No.: (303) 378-4090
Fax No.: (720) 367-5212
*Attorneys for Intrepid, LLC*

Ordered this ____ day of _____, 2014

BY THE COURT:

_____
Richard P. Matsch, Senior District Judge

equitable relief, the Designating Party shall not be required to prove the inadequacy or insufficiency of monetary damages as a remedy. The Parties further agree to waive any requirement for a bond in connection with any injunctive or other equitable relief sought.

Respectfully submitted this ____ day of September 2014.

GALLET DREYER & BERKEY, LLP

By: _____
David S. Douglas
845 Third Avenue, 8th Floor
New York, NY 10022
Phone No.: (212) 935-313
Fax No.: (212) 935-4514
*Attorneys for David M. Franco*

POLSINELLI PC

By: _____
William R. Meyer
1515 Wynkoop St., Suite 600
Denver, CO 80202
Phone Number: (303) 572-9300
Fax Number: (303) 572-7883
*Attorneys for Larry Nealy*

Rothfelder & Falick

By: _____
Michael C. Falick
1201 Louisiana, Suite 550
Houston, TX 77022
Phone No.: (713) 220-2288
Fax No.: (713) 658-8211
*Attorneys for James Jacobsen & Bearing Consulting Group, LLC*

VANGHAGEN LAW, PC

By: _____
Annika Vanghagen
44 Cook Street, Suite 100
Denver, CO 80206
Phone No.: (303) 378-4090
Fax No.: (720) 367-5212
*Attorneys for Intrepid, LLC*

Ordered this 1st day of October, 2014

BY THE COURT:

_____
Richard P. Matsch, Senior District Judge

equitable relief, the Designating Party shall not be required to prove the inadequacy or insufficiency of monetary damages as a remedy. The Parties further agree to waive any requirement for a bond in connection with any injunctive or other equitable relief sought.

Respectfully submitted this ____ day of September 2014.

GALLET DREYER & BERKEY, LLP

By: _____
David S. Douglas
845 Third Avenue, 8th Floor
New York, NY 10022
Phone No.: (212) 935-313
Fax No.: (212) 935-4514
*Attorneys for David M. Franco*

POLSINELLI PC

By: _____
William R. Meyer
1515 Wynkoop St., Suite 600
Denver, CO 80202
Phone Number: (303) 572-9300
Fax Number: (303) 572-7883
*Attorneys for Larry Nealy*

Rothfelder & Falick

By: _____
Michael C. Falick
1201 Louisiana, Suite 550
Houston, TX 77022
Phone No.: (713) 220-2288
Fax No.: (713) 658-8211
*Attorneys for James Jacobsen & Bearing Consulting Group, LLC*

VANGHAGEN LAW, PC

By: /s/ Annika Vanghagen
Annika Vanghagen
44 Cook Street, Suite 100
Denver, CO 80206
Phone No.: (303) 378-4090
Fax No.: (720) 367-5212
*Attorneys for Intrepid, LLC*

Ordered this ____ day of _____, 2014

BY THE COURT:

_____
Richard P. Matsch, Senior District Judge

7

Respectfully submitted this ____ day of September 2014.

| | |
|---|---|
| GALLET DREYER & BERKEY, LLP | Rothfelder & Falick |
| By: _____<br>David S. Douglas<br>845 Third Avenue, 8th Floor<br>New York, NY 10022<br>Phone No.: (212) 935-313<br>Fax No.: (212) 935-4514<br>*Attorneys for David M. Franco* | By: _____<br>Michael C. Falick<br>1201 Louisiana, Suite 550<br>Houston, TX 77022<br>Phone No.: (713) 220-2288<br>Fax No.: (713) 658-8211<br>*Attorneys for James Jacobsen & Bearing Consulting Group, LLC* |
| POLSINELLI PC | VANGHAGEN LAW, PC |
| By: _____<br>William R. Meyer<br>1515 Wynkoop St., Suite 600<br>Denver, CO 80202<br>Phone Number: (303) 572-9300<br>Fax Number: (303) 572-7883<br>*Attorneys for Larry Nealy* | By: _____<br>Annika Vanghagen<br>44 Cook Street, Suite 100<br>Denver, CO 80206<br>Phone No.: (303) 378-4090<br>Fax No.: (720) 367-5212<br>*Attorneys for Intrepid, LLC* |

Ordered this ____ day of _____, 2014

BY THE COURT:

_____
Richard P. Matsch, Senior District Judge

## **EXHIBIT A**

## **AFFIDAVIT OF COMPLIANCE**

I, _____, declare that:

1. My ___(home) / (business) / (other- explain)_____ address is ____
_____.

2. My present occupation is _____, and I am currently employed by _____.

3. I have been retained by _____ with respect to the Litigation.

4. I have received a copy of the Stipulated Protective Order in this Litigation, and have carefully read and understand its provisions.

5. I, and my company, will comply with all of the provisions of the Stipulated Protective Order. I will hold in confidence, will not disclose to anyone other than those persons specifically authorized by the Stipulated Protective Order, and will not copy or use for purposes other than prosecution and defense of claims in the Litigation, any information designated Confidential which I receive in the Litigation, except to the extent that such Confidential Material is or becomes public domain information or otherwise is not deemed Confidential in accordance with the Stipulated Protective Order.

6. I declare under the penalty of perjury that the foregoing is true and correct.

Executed:

_____
Signature

_____
Print Name

Dated:_____, 201__

8

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing **STIPULATED PROTECTIVE ORDER** was served via the manner indicated below this 30th day of September, 2014 to the following addresses:

| | |
|---|---|
| GALLET DREYER & BERKEY, LLP<br>David S. Douglas<br>845 Third Avenue, 8th Floor<br>New York, NY 10022<br>Phone No.: (212) 935-313<br>Fax No.: (212) 935-4514<br>*Attorneys for David M. Franco* | ( ) First Class Mail<br>( ) Hand Delivery<br>( ) Facsimile<br>( ) Overnight Delivery<br>(X) CM/ECF<br>( ) E-Mail |

Rothfelder & Falick
Michael C. Falick
1201 Louisiana, Suite 550
Houston, TX 77022
Phone No.: (713) 220-2288
Fax No.: (713) 658-8211
*Attorneys for James Jacobsen & Bearing Consulting Group, LLC*

VANGHAGEN LAW, PC
Annika Vanghagen
44 Cook Street, Suite 100
Denver, CO 80206
Phone No.: (303) 378-4090
Fax No.: (720) 367-5212
*Attorneys for Intrepid, LLC*

/s/ *William R. Meyer*