**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Richard P. Matsch**

Civil Action No. 14-cv-00105-RPM

DAVID M. FRANCO,

    Plaintiff,

v.

LARRY NEALY,
INTREPID, LLC, a Colorado Limited Liability Company,
JAMES M. JACOBSEN,
BEARING CONSULTING GROUP, LLC, a Texas
Limited Liability Company,

    Defendants.

MEMORANDUM OPINION AND ORDER

Axiom Solutions, LLLP ("Axiom"), a former Colorado limited liability limited partnership, provided financial and tax consulting services from 2004 until 2013. Defendant Intrepid, LLC "Intrepid" was Axiom's general partner. Intrepid was managed by Defendant Larry Nealy ("Nealy") and Frank Saya ("Saya"). On August 14, 2013, Defendant Bearing Consulting Group, LLC ("Bearing") purchased substantially all assets owned by Axiom, pursuant to an Asset Sale and Purchase Agreement (the "Sales Agreement"). Defendant James M. Jacobsen ("Jacobsen") negotiated on behalf of Bearing to facilitate the sale. Axiom thereafter dissolved in October 2013.

Plaintiff David M. Franco ("Franco") was a limited partner in Axiom and brings this action alleging, *inter alia*, that Axiom was mismanaged by Defendants Nealy and Intrepid and that they breached fiduciary duties owed to Franco by their participation in the sale of Axiom to Bearing. Franco alleges that it was a breach of fiduciary duty for Nealy and

1

Intrepid to move forward with the sale because they did not include him in the negotiations and because he was the only member of Axiom who did not receive a benefit from the deal. Franco alleges that the conduct of Defendants Jacobsen and Bearing (the "Bearing Defendants") leading up to and including the sale aided and abetted Nealy and Intrepid in breaching their fiduciary duties.

Franco is a citizen and resident of the State of New Jersey. Bearing is a Texas limited liability company with its principal place of business in Houston, Texas. Intrepid is a Colorado limited liability company. Jacobsen is a citizen and resident of the State of Texas. Nealy is a citizen and resident of the State of Colorado. This Court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332, as the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states.

The Bearing Defendants move for summary judgment on the fourth claim of the Complaint, the allegation that they aided and abetted the other Defendants in breaching fiduciary duties owed to Franco. ECF DOC. 45. The claim against Jacobsen and Bearing is limited to the negotiation and sale of Axiom's assets to Bearing. Specifically, Franco alleges that Nealy and Intrepid violated their duties to him "by continuing to negotiate, and entering into, the transaction, under which, among other things, the Axiom partners other than Franco received payments and/or interests in Bearing or Bearing Capital and Nealy and Ahn became officers of Bearing." Compl. ¶ 52.

There are three elements to the tort of aiding and abetting a breach of fiduciary duty under Colorado law: (1) breach of a fiduciary duty owed to a plaintiff, (2) a defendant's knowing participation in the breach, and (3) damages resulting from the breach. *Nelson v.*

*Elway*, 971 P.2d 245, 249–50 (Colo. App. 1998, cert. denied). There does not need to be an agreement among the defendants to commit the breach, but the plaintiff must establish that the defendant alleged to have aided and abetted the breach provided substantial assistance to the party directly breaching his fiduciary duty. *Id.* at 250. "The gravamen of a claim of aiding and abetting a breach of fiduciary duty is the defendant's 'knowing participation' in the fiduciary's breach of trust; wrongful intent is not necessary as the factfinder is required only to 'find that the [defendant] knew of the breach of duty and participated in it.'" *Holmes v. Young,* 885 P.2d 305, 308 (Colo. Ct. App. 1994)(quoting *S & K Sales Co. v. Nike, Inc.*, 816 F.2d 843, 848 (2d Cir.1987)).

Assuming that Franco could establish that Nealy and/or Intrepid owed him fiduciary duties related to the sale and that the sale resulted in damages, Franco has not provided sufficient evidence to support a finding that the Bearing Defendants knowingly and substantially participated in that breach.

Approximately three weeks before the August 13, 2013 sale, Jacobsen wrote to Saya as follows on July 24, 2013:

> Although legal counsel tells me we do not need Dave Franco to sign
> the sales agreement, can you secure his agreement to sign the
> purchase & sale agreement, although I don't anticipate he will realize
> any cash out of the deal as there just isn't any to provide. [sic]

Ex. 4, ECF DOC. 45-4, pgs.8-9.

Thereafter, Saya forwarded this email to Franco on July 28, 2013. *Id.* The email shows that Jacobsen and Bearing were aware of Franco's interest, but were advised by legal counsel that Franco did not need to agree to the sale. The Bearing Defendants argue that they were reasonable to rely upon counsel's advice and only asked

3

Saya to obtain an acknowledgement from Franco out of an abundance of caution. Franco does not question that the Bearing Defendants received such advice from counsel and does not claim that it would be unreasonable for them to rely upon such advice. There is nothing in the record to suggest that Jacobsen's lawyer's advice was incorrect.

On August 1, 2013, Franco's counsel wrote to Nealy and Saya at Intrepid's address. Ex. 5, ECF DOC. 45-5. The letter complained that Franco had not received any distributions and that Franco believed other members of Axiom had received distributions. *Id.* The letter also stated that Franco believed Nealy to have improperly used substantial funds of Axiom to pay personal expenses. *Id.* The letter requested that various books, records, tax information, and other financial documents of Axiom be furnished to Franco at Axiom's expense. *Id.* The letter acknowledged that Franco was aware that Axiom was negotiating an Asset Sale and Purchase Agreement ("Sales Agreement") with Bearing, and stated:

> Mr. Franco does not wish in any way to impede the closing of any such transaction between Axiom and Bearing. Please be forewarned, however, that should any such transaction have a negative impact on Mr. Franco's rights, to Distributions or otherwise, or upon the financial ability of Axiom to make payment of all monies owed to Mr. Franco or to which he is otherwise entitled, Mr. Franco will hold Intrepid, the members and managers of Intrepid, and (to the extent warranted) Bearing responsible.

*Id.* The letter also requested Nealy and Saya to confirm in writing that Axiom would advise Bearing of the contents of the letter. *Id.*

Counsel for Intrepid responded to Nealy's letter by a letter dated August 6, 2013. Ex. 18, ECF DOC. 51-11. Counsel agreed that Franco was entitled to review certain books and records of Axiom, but concluded that, under the Partnership Agreement, the materials Franco was entitled to review were fewer than Franco's letter had requested. *Id.* Nealy through

4

counsel agreed to provide the documents obliged to be delivered under the Partnership Agreement. *Id.*

The letter disagreed with Mr. Franco's contention that he was owed distributions. *Id.* The letter stated that the assertion was "unfounded" and that "Mr. Franco does not have and never had a positive capital account from which Distributions could have been made." *Id.* The letter stated that Bearing was advised of Nealy's reply letter and would be receiving a copy of it as well. *Id.*

There is nothing in this exchange of correspondence that could be considered a warning that Bearing was aiding in a breach of fiduciary duty to Franco.

Nealy joins the Bearing Defendants' Motion at ECF DOC. 46, seeking partial summary judgment in his favor on the limited issue of whether he breached a fiduciary duty to Franco related to the sale of Axiom's assets to Bearing. Because Nealy is currently a debtor in a bankruptcy proceeding in the United States Bankruptcy Court for the District Court of Colorado, his joinder will not be considered.

Upon the foregoing, it is

ORDERED that the Bearing Defendants' Motion for Summary Judgment, ECF. DOC. 45 is GRANTED. Defendant James M. Jacobsen and Defendant Bearing Consulting Group, LLC are dismissed from this civil action.

Dated: July 22, 2015.

BY THE COURT:

s/Richard P. Matsch
_____
Richard P. Matsch
Senior District Judge